UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST IRONWORKERS RETIREMENT TRUST; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U-STEEL INCORPORATED; DYNAMIC INTERNATIONAL AK, INC.; GENE LETTS; JACKIE LETTS; BERSCHAUER/PHILLIPS CONSTRUCTION CO.; SFECO INSURANCE COMPANY OF AMERICA and CITY OF VANCOUVER, WASHINGTON,<br><br>Defendants. | Case No. C05-5698FDB<br><br>ORDER GRANTING CERTAIN DEFENDANTS' MOTION TO DECLINE THE EXERCISE OF SUPPLEMENTAL JURISDICTION AND DISMISS WITHOUT PREJUDICE |

**INTRODUCTION**

Defendants Berschauer/Phillips Construction Co. And Safeco Insurance Company of America, joined by Defendant City of Vancouver, move that the Court exercise its discretion under 28 U.S.C. § 1367 to decline the exercise of supplemental jurisdiction over Plaintiffs' (the "Trusts") claims against Berschauer/Phillips, the payment bond, and the retainage fund and to dismiss these claims without prejudice.

This cause of action grows out of the circumstances where the City of Vancouver hired

ORDER - 1

Berschauer/Phillips Construction Company to act as the general contractor on the Firstenburg Community Center Project. Berschauer/Phillips posted a payment bond for the project, which was issued by Safeco Insurance Company of America.. Berschauer/Phillips executed a purchase order and a subcontract agreement with Defendant Dynamic International, Inc., which was interconnected with Defendant U-Steel. U-Steel was party to a collective bargaining agreement that required it to make certain contributions to the Trusts for each hour that a U-Steel employee worked on the project. Berschauer/Phillips states that it was not a party to nor was it obligated by the collective bargaining agreement.

Problems arose with the structural steel during the construction project, and Berschauer/Phillips received a notice of claim by the Trusts, which were attempting to recover from the payment bond and/or retainage fund delinquent payments that the Trusts allege U-Steel and/or Dynamic International owed under the collective bargaining agreement.

Berschauer/Phillips responded to the Trusts' notice of claim against the payment bond and/or retainage fund by filing a lawsuit in Clark County Superior Court on January 31, 2006 against the Trusts and the Bricklayers and Allied Craftworkers (the "Bricklayers"). The Bricklayers had provided Bershauer/Philips with a notice of claim against the payment bond and/or retainage fund for delinquent payments that another subcontractor allegedly owes under a separate collective bargaining agreement.

In the Clark County Superior Court action, Berschauer/Phillips' Complaint asks the Court for declaratory relief that all defendants are prohibited from recovering on their claims against the payment bond and/or retainage fund.

On February 15, 2006, following Berschauer/Phillips' filing of its lawsuit in Clark County Superior Court on January 31, 2006, the Trusts filed their first amended complaint in this federal lawsuit asserting claims against Berschauer/Phillips and/or the payment bond issued by Safeco and/or the retainage fund being withheld by the City of Vancouver.

ORDER - 2

**DISCUSSION**

Berschauer/Phillips argues that the claims contained in the Amended Complaint in this federal lawsuit are the same as those pending in the Clark County Superior Court prior to the Amended Complaint in this cause of action being filed. While "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," (28 U.S.C. § 1367(a)) nevertheless, district courts may decline to exercise supplemental jurisdiction over a claim in four instances, the fourth of which, Berschauer/Phillips contends applies in this case: "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." (28 U.S.C. § 1367(c))  Compelling reasons to decline the exercise of supplemental jurisdiction include "those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Executive Software North America, Inc. v. United States District Court for the Central Dist. Of California*, 24 F.3d 1545, 1557 (9th Cir. 1994). In *Polaris Pool Systems v. Letro Products, Inc.*, 161 F.R.D. 422, 425 (C.D. Cal. 1995), the Court concluded that it was appropriate to decline the exercise of supplemental jurisdiction over claims subject to a pending state lawsuit because it furthered the values of economy, convenience, fairness, and comity.  Thus, Berschauer/Phillips argues that this Court should decline to exercise supplemental jurisdiction over the Trusts' state law claims against Berschauer/Phillips because (1) the state lawsuit was commenced first, (2) the claims are state law claims, (3) the state litigation will be proceed regardless of whether this Court decides to exercise supplemental jurisdiction, and (4) it would be unfair to fracture the previously filed state action, which allows for all state law claims against the payment bond and retainage fund to be resolved in one action.

The Trusts respond arguing that the Court has supplemental jurisdiction, the claims being part of the same case or controversy, and the fourth exception, relied on by the moving defendants, is narrow and no exceptional circumstances are present.  Any inquiry concerning the two actions

ORDER - 3

should focus on how far advanced the federal litigation is compared to the state litigation. The mere fact that state law is involved doesn't create "exceptional circumstances." In any event, at least one party will have to litigate in more than one court, and that party should be the movants, according to the Trusts, because they have not diligently pursued their claim in state court.

This Court will decline to exercise supplemental jurisdiction over the state law claims against Berschauer/Phillips, the payment bond, and the retainage fund and will dismiss these claims without prejudice. Berschauer/Phillips commenced its lawsuit in Clark County Superior Court prior to the Trusts amending their claims to assert the claims against Berschauer/Phillips. It serves the interests of fairness, economy, convenience, and comity to decline to exercise supplemental jurisdiction over the claims against Berschauer/Phillips Construction Company, Safeco Insurance Company of America and the City of Vancouver, as set forth in the fifth and sixth claims for relief in Plaintiffs' First Amended Complaint in order that they may be litigated in the state court.

ACCORDINGLY, IT IS ORDERED:

1. Berschauer/Phillips Construction Company's Motion To Decline The Exercise of Supplemental Jurisdiction and Dismiss Without Prejudice [Dkt. # 30], joined in by City of Vancouver [Dkt. # 34] is GRANTED;

2. Plaintiffs' claims against Berschauer/Phillips Construction Company, Safeco Insurance Company of America and the City of Vancouver, as set forth in the fifth and sixth claims for relief in Plaintiffs' First Amended Complaint are DISMISSED without prejudice.

DATED this 21st day of July, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4